IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN PAUL PENO,** | : | No. 1:19cv2082 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| **MARK GARMAN, SUPT.,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Before the court is the report and recommendation ("R&R") of Magistrate Judge Susan E. Schwab, (Doc. 40), which suggests denial of the instant habeas corpus petition. Petitioner Kevin Paul Peno filed a partial objection, and this matter is ripe for disposition.[1] (Doc. 47).

## Background[2]

In 1998, petitioner pled guilty to raping and sexually assaulting his stepchildren, among other charges. He was also found guilty by a jury of violating a Pennsylvania firearms law. In accordance with a plea agreement, the

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

[2] Petitioner does not object to Magistrate Judge Schwab's discussion of state court proceedings as set forth in the R&R. (Doc. 48 at 1, n. 2). That portion contains no clear error. See FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"). The court will thus adopt and summarize her comprehensive recitation of the facts. (See Doc. 40 at 2-14).

trial court then sentenced him to seven-and-a-half (7 ½) to fifteen (15) years in prison on all charges to be followed by twenty (20) years of probation. Petitioner was not eligible for parole until he completed sex offender treatment in state prison.

Petitioner failed to complete that treatment. He ultimately served out the maximum period of incarceration on that sentence and then some. As the time drew near for petitioner to be released from prison, the county probation department lodged a detainer because he failed to abide by that parole condition. At a probation revocation hearing, the trial court found petitioner in violation of the terms of probation and resentenced him to seventeen-and-a-half (17 ½) to thirty-five (35) years in prison. On appeal of that sentence, the Superior Court of Pennsylvania reversed and vacated, finding that the trial judge could not use a condition of parole to revoke petitioner's probation. The Supreme Court of Pennsylvania denied the Commonwealth's petition for allowance of appeal.

Thereafter, to expedite petitioner's release from prison in July 2014, petitioner's then defense lawyer agreed to modify his probation conditions to include an electronic monitoring device. Petitioner maintains that his defense counsel did so without his consent and without a hearing.

Seven days after his release from state prison, petitioner's electronic monitor alerted the probation department to tampering with the device. Petitioner's probation officer could not reach him by phone and later found him sitting on a park bench in front of his residence. She observed that portions of petitioner's device were detached from his ankle and sitting in his sock. The device could not be taken apart in that manner without tools. Petitioner was charged with criminal mischief and later found guilty. He was also determined to be in violation of the terms of his probation after a hearing where the probation officer testified. In September 2015, the court resentenced petitioner to a maximum term of twenty (20) years of incarceration followed by twenty (20) years of probation.

Petitioner fully exhausted his state court appeal of his second probation revocation and sentence. He then turned to collateral relief potentially available to him under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541, *et seq.* Ultimately, his appointed counsel filed a no-merit letter and petitioner proceeded in the PCRA court *pro se*. The PCRA petition was dismissed and Petitioner then appealed to the Superior Court of Pennsylvania. He raised ineffective assistance of counsel arguments in that state court appeal. On August 9, 2019, the Superior Court rejected petitioner's claims and affirmed

the order denying his PCRA petition in an unpublished memorandum. Commonwealth v. Peno, No. 1669 MDA 2018, 2019 WL 3764571 (Pa. Super. Ct. Aug. 9, 2019)(Dubow, J.).

On December 6, 2019, plaintiff filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Clerk of Court assigned the petition to Magistrate Judge Schwab for the issuance of an R&R. In the R&R, Magistrate Judge Schwab recommends that the court deny the petition. (Doc. 40). Petitioner objects to that recommendation. (Doc. 47). Although five claims were asserted in his original petition, the objection concerns only one portion of the R&R regarding petitioner's ineffective assistance of counsel claim. Petitioner's objection on that issue is fully briefed, (Doc. 48), and this matter is ripe for disposition.

**Jurisdiction**

Writs of habeas corpus may be granted by the district courts within their respective jurisdictions. 28 U.S.C. § 2241. Additionally, 28 U.S.C. § 2254(a) provides the court with jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id.

4

**Legal Standards**

### 1. Reports and Recommendations

When a party files objections to a magistrate judge's report and recommendation on a dispositive motion, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

### 2. Section 2254 Petitions

A petition for a writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant habeas relief on a claim that has been adjudicated by a state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

> Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d)(1)-(2).

"Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims,' . . . and to give appropriate deference to that decision." Wilson v. Sellers, 584 U.S. ----, 138 S. Ct. 1188, 1191–92 (2018)(citations omitted). When the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." Id. at 1192.

**Analysis**

### 1. Ineffective Assistance of Counsel Claim

Plaintiff's objection centers on his argument that the last state court unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984) when considering his ineffective assistance of counsel claim. Specifically, he argues

6

that the Superior Court of Pennsylvania applied a lesser standard and that the magistrate judge erred because she adopted that court's decision without analysis.

Strickland established a two-factor standard for determining whether a criminal defendant's Sixth Amendment right to counsel was violated by that counsel's ineffective assistance. Id. "First, the defendant must show that counsel's performance was deficient." Id. at 687. Satisfaction of the first factor requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Substandard lawyering is not enough to obtain relief. In assessing an attorney's performance, courts apply a highly deferential level of scrutiny. See Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "Strickland's first prong sets a high bar." Buck v. Davis, 580 U.S. at 118 (2017).

To satisfy the second factor of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a

7

trial whose result is reliable." Id.  In other words, "the party claiming ineffective assistance 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (quoting Strickland, 466 U.S. at 694). " 'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings ... not every error that conceivably could have influenced the outcome undermines the reliability of the proceeding.' " Id. (quoting Strickland, 466 U.S. at 694).

The United States Supreme Court has noted that "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).  Moreover, as summarized:

> Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.... Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. **The standards created by Strickland and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so.**

Harrington v. Richter, 562 U.S. 86, 105 (2001) (emphasis added).

Although petitioner is entitled to *de novo* review of this issue following his objection to Magistrate Judge Schwab's R&R, the court must nonetheless apply

8

this "doubly differential" standard to ineffective assistance of counsel claims under Strickland and § 2254. See Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)(citations omitted).

As noted above, "[i]n considering a § 2254 petition, we review the 'last reasoned decision' of the state courts on the petitioner's claims." Simmons v. Beard, 590 F.3d 223, 231–32 (3d Cir. 2009) (citing Bond v. Beard, 539 F.3d 256, 289–90 (3d Cir. 2008)). In the last reasoned decision on petitioner's claims in state court, he raised the following issues *pro se*:

> 1. Whether the PCRA court was misplaced by granting appointed PCRA counsel's No-Merit Letter and Motion to Withdraw without a hearing in that former counsel[ ] Paul Muller, Andrea Haynes, James J. Karl of Dauphin County Public Defender[']s Office were all ineffective by allowing conditions which are now illegal since Com[monwealth] v. Muniz, 164 A.3d 1189 (Pa. 2017) made 42 Pa.C.S.[ ] subsectuions 9799.30, 9733 [sic] thus the entire [Sex Offender Registration and Notification Act ("SORNA")] program could not apply retroactively to persons who committed their crimes before December 20, 2012.
>
> 2. Whether the PCRA court erred by that an issue in this appeal is whether the Commonwealth may punish an individual for conduct which was made a crime by an amended statute where the original version of the statute has been unconstitutional in its entirety?

Peno, 2019 WL 3764571, at *3.

9

The Pennsylvania Superior Court construed petitioner's ineffective assistance argument as it is advanced here: "because he did not consent to the GPS condition and did not authorize his attorney, Paul Muller, Esq., to waive the hearing requirement in order to obtain [petitioner]'s prompt release from incarceration, counsel provided ineffective assistance ..." Id.

Under the relevant PCRA standard, the Superior Court reviewed the denial of relief with deference to the factual findings of the PCRA court if supported by the record and the court gave no deference to the PRCA court's legal conclusions. Id. (citations omitted). The Superior Court then offered the following analysis:

> The law presumes counsel has rendered effective assistance. Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." Id.
>
> To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. Commonwealth v. Jones, 811 A.2d 994, 1002 (Pa. 2002).

> Appellant has not supported his bald claim that all his "counsels" provided ineffective assistance. He has not pled that the actions taken by his counsel were not designed to effectuate his interests, or that, but for his counsels' alleged ineffectiveness, the outcome of these proceedings would have been different. As a result of Appellant's failure to address these factors set forth in Fulton, supra, this issue warrants no relief.

Id. (formatting modified).

Petitioner contends that the Superior Court failed to mention the phrase "reasonable basis" and thus applied a lesser standard than the first prong of the Strickland test and the second factor of the Fulton test.[3] This court disagrees. Moreover, petitioner's argument distorts Judge Dubow's analysis in the state appellate court, which premised its holding on petitioner's "bald claim" of ineffective assistance and a failure by petitioner to plead or address the above factors. The Superior Court could not discuss whether "the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests" or any of the Strickland state court analogues in detail because petitioner did not address them in his PCRA appeal. The Superior

---

[3] Petitioner concedes that Pennsylvania's test for ineffective assistance of counsel is consistent with Strickland because, as articulated, it requires findings to both deficient performance and actual prejudice. (Doc. 48 at 6-7)(quoting Tyson v. Superintendent Houtzdale SCI, 976 F.3d 382, 391 (3d Cir. 2020); Mathias v. Superintendent Frackville SCI, 876 F.3d 462, 476 (3d Cir. 2017)).

11

Court did not apply a lesser standard.  Rather, it applied the proper standard to bare averments by petitioner on appeal.

The court notes that, at petitioner's probation revocation hearing, his then defense counsel opined that his conduct "was ineffective on its face" and "per se" ineffective when he agreed to an electronic monitoring device for his client without a hearing or petitioner's consent. (Doc. 20-1 at 2-3).  On the other hand, the Commonwealth argued at that time that defense counsel advanced the interests of his client with a reasonable basis to facilitate petitioner's prompt release from jail. (Id.).  In this request for a writ of habeas corpus, petitioner's efforts to spotlight statements from his then defense counsel to avoid probation revocation fall short.  The revocation hearing record was available to the PCRA court and the Superior Court and those courts sat in a much better position to consider this evidence under Strickland's state court analogue. See Peno, 2019 WL 3764571 at *2.

The Superior Court also explicitly stated that it gave no deference to the PCRA court's legal conclusions. Id. at *3.  Moreover, petitioner entangled his ineffectiveness claim on appeal with ex post facto arguments related to SORNA. Id. The Superior Court, noting petitioner's "convoluted, nearly incomprehensible, discourse[,]" reasoned out his position and addressed the same arguments

raised here. Id. The Superior Court then denied PCRA relief because petitioner offered no basis for the appellate court to grant relief. Consequently, a review of the Superior Court's reasoning in light of the "doubly deferential" standard of Strickland and § 2254 reveals there was no unreasonable application of clearly established federal law in the underlying state matter. The court will thus adopt Magistrate Judge Schwab's R&R regarding petitioner's ineffective assistance claim.

### 2. Petitioner's Other Claims

Petitioner does not object to Magistrate Judge Schwab's disposition of his Fourth Amendment claim, (Doc. 40 at 32-35), due process claim, (Id. at 36-37), ex post facto claim, (Id. at 38-40), or cumulative error claim. (Id. at 41). There is no clear error on the face of the record concerning these areas. Accordingly, the magistrate judge's R&R will also be adopted as thoroughly addressing petitioner's other claims for relief.

### 3. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1)(A), "unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken" from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." A certificate of appealability may issue

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). As detailed above, petitioner has not made a substantial showing of the denial of a constitutional right. He has also not demonstrated that the assessment of his constitutional claims were debatable or wrong as viewed by a reasonable jurist. As a result, a certificate of appealability will not be issued.

**Conclusion**

For the reasons set forth above, the court will overrule petitioner's objection. (Doc. 47). The court will adopt Magistrate Judge Schwab's R&R. (Doc. 40). The petition for writ of habeas corpus (Doc. 1) will be denied. No certificate of appealability will be issued and the Clerk of Court will be directed to close this case. An appropriate order follows.

Date: 12/27/2023

JUDGE JULIA K. MUNLEY
United States District Court